NO. 07-07-0145-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 20, 2007

_____

IN RE DONALD WAYNE SMITH,

Relator

_____

*Opinion on Original Proceeding for Writ of Mandamus*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before this court is the application of Donald Wayne Smith for a writ of mandamus. He requests that we order "Edward Self, . . .District Judge of Hale County Texas" to "dispose of [Smith's] litigation promptly, efficiently, and fairly." According to his application, Smith has filed with the trial court, "a motion for nunc pro tunc" on November 14, 2006. We deny the application for the reasons which follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the "motion for nunc pro tunc." This he failed to do. Also lacking is compliance with other aspects of the same rule.

For instance, his application contains no identity of the parties and counsel, table of contents, index of authorities, statement of the case, or statement of the issues presented. Rule 52.3 requires one seeking extraordinary relief, such as a writ of mandamus, to include those matters in his petition. And, that Smith may be acting *pro se* does not relieve him of complying with the rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Second, nothing of record indicates that the motion purportedly filed below was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is encumbent upon Smith to illustrate that the district court received and was aware of his motion.[1] This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, the record simply indicates that Smith's motion was filed with the "242nd District Court." Whether the trial court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Smith has not fulfilled his burden to illustrate that the trial court refused to act.

---

[1]Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Thus, Smith must prove that the trial court received notice of the pleading. *Id.* Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. *Id.*

Third, and assuming *arguendo* that a pleading is brought to the attention of a district court, the latter has a duty to consider and act upon it. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). This is so because the task of considering it is ministerial. *In re Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d 267, 269-70 (Tex. App.–Tyler 1993, orig. proceeding). However, the court has a reasonable time within which to act. *In re Bates,* 65 S.W.3d at 135. And, whether that period lapsed is dependent upon the circumstances of each case. *Id.* In other words, no bright line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Bates,* 65 S.W.3d at 135, Smith had the

3

obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. He has not done that.

The record before us merely illustrates that Smith purportedly filed his motion with the 242nd District Court on November 14, 2006. Yet, no other evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act upon a motion about which it may have no knowledge constitutes unreasonable delay *per se*, Smith again has not satisfied his burden of proof.

Accordingly, the application for writ of mandamus pending before this court is denied.

Brian Quinn
Chief Justice