Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




IN RE: KELVIN LOYD,


 Relator.
 §


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00126-CV


 

AN ORIGINAL PROCEEDING


IN MANDAMUS







MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relator Kelvin Loyd seeks a writ of mandamus to compel the 83rd District Court of Pecos
County to issue a judgment in cause number P-6278-83-CV. For the following reasons, we deny
mandamus relief.

 While at the Lynaugh Unit, Loyd was assigned to do agricultural manual labor and to keep
up the areas that were a part of the prison complex. Loyd was diagnosed with a hernia and alleges
his condition has steadily deteriorated. According to Loyd, his primary care-giver has informed him
that he should endure the discomfort until he is released and then he can seek surgery for his
condition on his own. Loyd contends he will be unable to afford the surgery following his release
from prison.

 Loyd filed a "step 1" grievance which was denied by the prison warden. Loyd then filed a
"step 2" grievance which was also denied. Loyd contends that having filed both grievances and been
rejected he has exhausted all of his State remedies. Loyd then filed a petition for judicial review in
cause number P-6278-83-CV, the present case, in which he seeks mandamus relief.

 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992) (orig. proceeding). Additionally, there must be no other adequate remedy
at law. Id. at 840.

 We deny mandamus relief because Loyd has failed to provide us with a record showing he
is entitled to mandamus relief. Loyd argues he is entitled to mandamus relief to compel the trial
court to issue a judgment in his cause of action and rule on his motion for summary judgment. Loyd
contends he filed his petition in cause number P-6278-83-CV on May 9, 2005, and also filed a
motion for summary judgment on May 18, 2006. Although Loyd states he filed both his petition and
motion for summary judgment on those dates, he has failed to provide this Court with an adequate
record. See Tex. R. App. P. 52.3(j); In re Smith, --- S.W.3d ----, 2007 WL 1174133, at *1 (Tex.
App.--Amarillo April 20, 2007, orig. proceeding).

 In addition, before mandamus relief will issue, the petitioner must establish the trial court (1)
had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed
or refused to do it. In re Sepeda, 143 S.W.3d 871, 872 (Tex. App.--El Paso 2004, orig. proceeding);
Smith, 2007 WL 1174133, at *1; see also O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97
(Tex. 1992) (mandamus will issue when there is a legal duty to perform a non-discretionary act, a
demand for performance, and a refusal). In this case, Loyd has not provided this Court with a record
showing the trial court is aware of the pending motion, was asked to perform, and has refused to act.
See Smith, 2007 WL 1174133, at *1; In re Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001,
orig. proceeding) (the filing of a motion with the district clerk does not impute the clerk's knowledge
to the trial court; a petitioner must show the clerk informed the court of the motion or the trial court
otherwise obtained knowledge of it). Thus, we cannot assume the trial court knew of its duty to act
and neglected to perform. Smith, 2007 WL 1174133, at *1. Because Loyd has failed to demonstrate
that he is entitled to relief, his petition for writ of mandamus is denied.


 KENNETH R. CARR, Justice

June 7, 2007


Before Chew, C.J., McClure, and Carr, JJ.