**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 17, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00347-CV

———————

## IN RE STEVEN BALLOR, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 403486**

## MEMORANDUM OPINION

On April 12, 2012, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator asked this court to compel the respondent, the Honorable Loyd Wright, presiding judge of Probate Court No. 1 of Harris County, Texas, to (1) rule upon relator's motion to expunge or cancel lis pendens; and (2) direct the motion be granted.

Relator moved to expunge or cancel a lis pendens in the underlying suit. A hearing was held in October 2011, but no ruling on the motion has issued.

Mandamus is proper if the record shows the trial court was asked to rule, had a duty to rule, and failed or refused to rule. *In re Smith,* 279 S.W.3d 714, 715 (Tex. App. -- Amarillo 2007, orig. proceeding). The record shows the trial court was aware of the motion. However, the record does not demonstrate relator has complained to the trial court regarding his failure to rule. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App. -- Houston [14th Dist.] 1992, orig. proceeding) (presenting the court with a demand for performance provides the trial court an opportunity to rule). We therefore decline to order the trial court to rule at this time.

Even though we have jurisdiction to direct the trial court to consider and rule on pending matters, we may not tell the trial court what ruling it should make. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App. -- San Antonio 2004, orig. proceeding). Accordingly, relator's request that we direct the trial court to grant the motion is denied.

For these reasons, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Jamison.