NO. 07-13-0024-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2013
_____

In re HARVEY BRAMLETT, JR. AND JASON BLAKENEY,

Relators
_____

***On Original Proceeding for
Writ of Mandamus***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the petition for writ of mandamus of Harvey Bramlett, Jr. and Jason Blakeney (relators). They are requesting that we direct the Hon. Douglas Woodburn, 108th District Court, Potter County, to act upon their amended motion to recuse. We deny the application.

One seeking a writ of mandamus must include with his petition the pertinent "document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). To the extent that the relators ask us to direct the trial court to act upon their amended motion to recuse, the "document showing the matter complained of" would be the amended motion. However, it is neither attached to the petition for mandamus relief nor included in an appendix filed with the petition. Thus, relators failed to comply with the requirements of the Texas Rules of Appellate Procedure. *See In re Smith*, 279 S.W.3d

714 (Tex. App.–Amarillo 2007, orig. proceeding) (denying the petition because the "document showing the matter complained of" was not provided).

Next, while it may be that the duty to rule upon a motion is ministerial, *In re Bates,* 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding), the court nonetheless has a reasonable time within which to do so. *Id.* at 135. Furthermore, it is incumbent upon the relator to illustrate that the trial court was aware of the particular motion and, thus, its duty to act. *In re Smith*, 279 S.W.3d at 715-16. The latter obligation is not satisfied by simply establishing that the motion was filed with the district clerk, for notice to the clerk is not imputed to the trial court; that is, the clerk is not the agent, employee, or representative of the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Relators have also failed to satisfy this obligation here. Consequently, we cannot say that they established their entitlement to the relief requested.

Accordingly, we deny the petition for a writ of mandamus.


Per Curiam