NO. 07-13-0041-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 FEBRUARY 20, 2013
 __________________________

 In re HERSCHEL BRYAN MOFFITT,
 Relator
 _____________________________

 On Original Proceeding for Writ of Mandamus
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Pending before the court is the petition for writ of mandamus of Herschel Bryan Moffitt
(relator). He is requesting that we “compel the Hutchinson County District Judge, and Court
Coordinator to Bench Warrant, or hold a Telephonic Conference for Final Hearings.” We deny the
application.
 First, mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. In re Southwestern Bell Telephone Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig.
proceeding). Texas Government Code § 22.221 expressly limits the mandamus jurisdiction of the
courts of appeals to writs necessary to enforce the jurisdiction of the court of appeals and writs
against specified district or county court judges in the court of appeals district. Tex. Gov’t Code
Ann. § 22.221(a), (b) (West 2004). Consequently, unless necessary to enforce our jurisdiction, we
have no jurisdiction to issue a writ of mandamus against the court coordinator for the Hutchinson
County District Court. In re Coronado, 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig.
proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show
issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals);
Wiswell v. Ross, No. C14-89-00348-CV, 1989 Tex. App. Lexis 988, at *2 (Tex. App.–Houston [14th
Dist.] April 27, 1989, orig. proceeding) (holding that there is no statute granting the Court
jurisdiction to entertain a mandamus against the State of Texas, district clerks, deputy district
clerks or court coordinators). Relator does not assert that he has an appeal pending. Nor does he
assert that the court coordinator is someone interfering with this court’s jurisdiction. Therefore,
we lack jurisdiction over the relief focused against the court coordinator.
 Next, one seeking a writ of mandamus must include with his petition the pertinent “document
showing the matter complained of.” Tex. R. App. P. 52.3(k)(1)(A). To the extent that the relator
asks us to direct the trial court to act upon his request to bench warrant or hold a telephonic
conference, the “document showing the matter complained of” would be the motion asking the trial
court for such relief. However, it is neither attached to the petition for mandamus relief nor
included in an appendix filed with the petition. Thus, relator failed to comply with the
requirements of the Texas Rules of Appellate Procedure. See In re Smith, 279 S.W.3d 714 (Tex.
App.–Amarillo 2007, orig. proceeding) (denying the petition because the “document showing the matter
complained of” was not provided).
 Next, while it may be that the duty to rule upon a motion or dispose of a lawsuit is
ministerial, In re Bates, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding), the
court nonetheless has a reasonable time within which to do so. Id. at 135. We cannot say that the
failure to finalize a divorce proceeding within five to six months of its commencement is
unreasonable. Nor has relator attempted to satisfy that burden. Consequently, we cannot say that
he has established his entitlement to the relief requested.
 Accordingly, we dismiss that portion of relator’s petition for a writ of mandamus directed at
the court coordinator and deny the request for relief directed at the trial court.

 Per Curiam