

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00256-CV

IN RE SCOTT ALAN ODAM, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

September 30, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., PARKER and DOSS, J.J.

Scott Alan Odam petitioned this Court for a writ of mandamus directed at the Honorable William R. Eichmann, II, 364th District Court, Lubbock County (trial court). Through the petition, Odam "challeng[es] the improper determination of probable cause by [the trial court] . . . in Cause No. 2019–417,673, in which petitioner is charged with the offense of Tampering/Fabricating Evidence." We deny the petition.

Mandamus is an extraordinary remedy that will issue to correct a clear abuse of discretion when there is no other adequate remedy by law. *See In re D. Wilson Const. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding); *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding). The relator

has the burden to show entitlement to the relief being requested. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Part of the burden consists of providing a record sufficient to establish that entitlement. *In re Barclay*, No. 07-19-00190-CV, 2019 Tex. App. LEXIS 5481, at *1 (Tex. App.—Amarillo June 28, 2019, orig. proceeding) (mem. op.). Furthermore, if the relator's burden is to illustrate an instance of clearly abused discretion, then, logically, the record must contain evidence indicating that the trial court either acted or refused to act when requested. Indeed, the trial court could hardly be charged with abusing its discretion when no one requested it to act or it had no knowledge of a duty to act. *See In re Smith*, 279 S.W.3d 714, 715–16 (Tex. App.—Amarillo 2007, orig. proceeding) (stating that a court may not be faulted for doing nothing when it was unaware of the need to act). Finally, if the relator is complaining about an act or decision of the trial court, then the record accompanying his petition must include a certified or sworn copy of 1) the order about which he complains or 2) other documents showing the matter about which he complains. TEX. R. APP. P. 52.3(k)(1)(A); *In re Lloyd*, No. 07-16-00340-CV, 2016 Tex. App. LEXIS 10489, at *3–4 (Tex. App.—Amarillo Sept. 26, 2016, orig. proceeding) (per curiam) (mem. op.).

As previously mentioned, Odam is challenging the trial court's allegedly improper determination of probable cause. The tenor of that challenge connotes that the trial court made a decision. Yet, he accompanied his petition with neither a certified nor sworn copy of the order under attack. Nor did he provide us with any other documentation illustrating that a decision was made or the substance of it. We simply found an uncertified copy of a "complaint" assigned a cause number (i.e., 2019-812,178) differing from the cause number wherein the trial court made the supposedly wrong probable cause decision (i.e.,

2019–417,673).  So, assuming *arguendo* that mandamus relief may issue to correct an improper determination of probable cause, Odam failed to comply with Rule 52.3(k)(1)(A) or provide us with a record illustrating his entitlement to relief.

Accordingly, the petition for writ of mandamus is denied.


Per Curiam

3