Kate RYAN, Appellant,

v.

W. B. RYAN et ux., Appellees.

No. 5312.

Court of Civil Appeals of Texas, Waco.

March 28, 1974.

Rehearing Denied April 18, 1974.

James R. Caton, Jerry D. Bolin, McKinney, for appellant.

Moses & Truett (Luther Truett), McKinney, for appellees.

HALL, Justice.

By warranty deed dated February 2, 1960, the plaintiff-appellant, Mrs. Kate Ryan, conveyed .7-acre to her nephew, W. B. Ryan. She instituted this suit against him in August, 1972, to cancel the deed. Trial was to a jury. Judgment was rendered on the verdict that plaintiff take nothing. We reverse and render.

Although the wife of plaintiff's nephew was joined as a defendant, he is the primary defendant and we shall refer to him as such.

In 1952, plaintiff conveyed to defendant 2.89 acres off the north end of a larger tract owned by her, and retained the balance. The .7-acre in question is a strip 70 feet wide which runs the length of the original common boundary between these two tracts. Defendant built his home on the southern part of his 2.89 acres. An addition was later made to the house.

Plaintiff pleaded that the defendant falsely represented to her that the addition to his house was inadvertently constructed across their common boundary and onto her land, and that she was induced thereby to convey the .7-acre to him. Defendant answered with a general denial and pleas of laches and limitations.

The jury found that the defendant made the false representation attributed to him by plaintiff; that plaintiff believed and relied upon the representation when she executed the deed in February 1960; and that plaintiff actually discovered the fraud in July, 1972. Additionally, the jury was called upon by Special Issue No. 5 to find, by stating the month and year, "when it ought to have been discovered by Kate Ryan that [the representation was false] had due care been exercised by her." The jury answered, "February, 1960."

The single question we must decide is whether there is any evidence to support the answer to Special Issue No. 5. We hold there is none.

The material facts are without dispute. Defendant and his brother and sister are plaintiff's closest living relatives. At the time of the conveyance, and until 1971, the relationship between plaintiff and the defendant and his wife was close, virtually familial. At the time of the conveyance, plaintiff was living in California. She received no consideration for the conveyance. The south end of defendant's house is located five feet north of the north line of the .7-acre tract. At the time of the conveyance in 1960, and until a survey in 1970, the plaintiff and defendant and defendant's wife did not know the location on the ground of the north or south boundary of the .7-acre.

Although an action to cancel a deed is an equitable proceeding, the bringing of it is controlled by Article 5529, Vernon's Ann.Civ.St., a four-year statute of limitation. Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671, 674 (1942). If the suit to cancel is grounded on fraud, the period of limitation begins to run from the time of the discovery of the fraud, or from the time it might have been discovered by the use of reasonable diligence. "Stated in another form, fraud will prevent the running of the statute of limitation until discovered, or by reasonable diligence might have been discovered. Knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is in law a knowledge of the fraud." Glen v. Steele, 141 Tex. 565, 61 S.W.2d 810 (1933). However, the mere fact that the defrauded party has available means to discover the fraud is not sufficient to set the statute in motion absent circumstances that would prompt a reasonably prudent person to make an investigation. Isaacks v. Wright, (1908, writ ref.) 50 Tex.Civ.App. 312, 110 S.W. 970, 972.

In support of the challenged finding, the jury must have concluded that plaintiff could have discovered defendant's fraud with a ground survey in 1960, just as she did in 1970. And, of course, she could have. A very cautious and suspicious person might have done so. But there are no facts shown by this record that should have aroused plaintiff's slightest suspicions regarding the defendant's representation. And, there are no circumstances shown that would have prompted a person exercising due care to make a survey or to investigate the matter in 1960 or at anytime

prior to the time actual discovery of the fraud by plaintiff.

The judgment is reversed. The case was fully developed on the trial. Judgment is rendered that the deed in question be, and it is hereby, canceled.