

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00477-CV

Robert **TYSON**, Carl and Kathy Taylor, Linda and Ron Tetrick and Ruthie Nilson,
Appellants

v.

Robert N. **FREEMAN** II as Principal of Medina Livestock Sales Company, Ltd.,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CV-13-0000356
Honorable M. Rex Emerson, Judge Presiding

Opinion by:       Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Patricia O. Alvarez, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: February 13, 2019

REVERSED AND REMANDED

This is the third appeal filed in this court arising from summary judgments granted in the

underlying cause. *See Tyson v. Freeman*, No. 04-16-00789-CV, 2017 WL 6032525 (Tex. App.—

San Antonio Dec. 6, 2017, no pet.) (mem. op.) (*Tyson II*); *Tyson v. Boren*, Nos. 04-14-00824-CV

& 04-15-00006-CV, 2015 WL 10382908 (Tex. App.—San Antonio Mar. 2, 2015, no pet.) (mem.

op.) (*Tyson I*).  In this appeal, the appellants contend the trial court erred in granting summary

judgment in favor of appellee Robert Freeman II as Principal of Medina Livestock Sales Company,

Ltd. ("Medina Ltd.") on the grounds of res judicata, collateral estoppel, or law of the case.  We

reverse the trial court's judgment and remand the cause for further proceedings on the appellants' claims against Freeman as principal of Medina Ltd.

### BACKGROUND

The facts giving rise to the dispute in the underlying cause are set out in both *Tyson I* and *Tyson II*. In *Tyson I*, this court affirmed summary judgments granted in favor of Freeman on the individual claims against him. 2015 WL 10382908, at *1. We noted, however, that the appellants claims "against Freeman in his capacity as 'principal' of Medina [] Ltd." remained pending in the underlying cause. *Id*.

As we noted in *Tyson II*, the appellants amended their pleadings on remand after *Tyson I*, adding additional defendants and alter ego allegations. 2017 WL 6032525, at *1. After the pleadings were amended, Freeman "filed a second motion for summary judgment asserting the appellants' claims against him were barred as a matter of law by the doctrines of (1) law of the case, (2) res judicata, and (3) collateral estoppel." *Id*. at *2. The other defendants filed no evidence motions for summary judgment. *Id*. The trial court signed separate orders granting each defendants' motion, and each order stated "Defendant [individual name]'s No-Evidence Motion for Summary Judgment is hereby GRANTED." *Id*. Because Freeman filed a traditional motion, not a no-evidence motion, we held the trial court erred in granting a no-evidence summary judgment in his favor in his capacity as principal of Medina Ltd. and remanded the claims against him in that capacity for further proceedings. *Id*. at 3-4.

On remand, the trial court re-heard the traditional motion previously filed by Freeman asserting the appellants' claims were barred by the doctrines of res judicata, collateral estoppel, and law of the case. The trial court's order states the motion was heard without additional oral argument. The trial court granted the motion and entered a take nothing judgment in favor of Freeman.

**STANDARD OF REVIEW**

A trial court's ruling on a motion for summary judgment is reviewed de novo. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.*; TEX. R. CIV. P. 166a(c).

**DISCUSSION**

A party relying on res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims as were or could have been raised in the first action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 526 (Tex. App.—San Antonio 2013, pet. denied). Collateral estoppel applies when (1) the issue of fact or law sought to be litigated in the second action was fully and fairly litigated in the first action; (2) that issue of fact or law was essential to the judgment in the first action; and (3) the party against whom the doctrine is asserted was a party or was in privity with a party in the first action. *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 890 n.2 (Tex. 1998); *City of San Antonio v. Cortes*, 468 S.W.3d 580, 586 (Tex. App.—San Antonio 2015, pet. denied). In this case, Freeman's liability in his capacity as principal of Medina Ltd. was never finally determined on its merits or fully and fairly litigated in the trial court. In *Tyson I,* we expressly held those claims remained pending in the underlying cause, and in *Tyson II*, we held the trial court erred in granting a no-evidence motion for summary judgment on those claims when Freeman only filed a traditional motion. Accordingly, the trial court erred in granting summary judgment on the basis of res judicata or collateral estoppel.

Under the law of the case doctrine, questions of law previously decided by this court will govern a case throughout its subsequent stages. *Loram Maint. of Way, Inc. v. Ianni*, 210 S.W.3d

593, 596 (Tex. 2006). "[T]he doctrine does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved in the first trial." *Cantu v. Guerra & Moore, LLP*, 549 S.W.3d 664, 667 (Tex. App.—San Antonio 2017, pet. denied). Instead, the "[a]pplication of the doctrine lies within the discretion of the court, depending on the particular circumstances surrounding that case." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003).

Freeman relies on these sentences from our decision in *Tyson I* as the basis for his law of the case argument:

> In their brief, the [appellants] contend that "a corporate agent can be personally liable for tortious acts which he directs or participates in during his employment." Even assuming this statement is legally accurate, the [appellants'] excluded summary judgment evidence did not raise a genuine issue of material fact on this issue.

2015 WL 10382908, at *1. Freeman's reliance on these sentences is misplaced for several reasons. First, the sentences do not address a question of law. Second, this court made the statements in the context of reviewing the individual claims against Freeman and expressly did not address the claims against Freeman in his capacity as principal of Medina Ltd. *Id*. at *1 (noting claims against Freeman as principal of Medina Ltd. remained pending in the underlying cause). Finally, on remand, the appellants amended their pleadings to add allegations of "alter ego" against Freeman which appear to raise different issues regarding Freeman's actions as a principal of Medina Ltd. than the allegation that Freeman directed or participated in tortious acts. *Tyson II*, 2017 WL 6032525, at *2; *cf*. TEX. BUS. ORGS. CODE ANN. § 21.223(b) (providing a holder, beneficial owner, subscriber, or affiliate of a corporation may be liable "if the obligee demonstrates that the holder, beneficial owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal

- 4 -

benefit of the holder, beneficial owner, subscriber, or affiliate"). At the very least, Freeman did not meet his summary judgment burden of proving as a matter of law that the issues were the same.

### CONCLUSION

The trial court erred in concluding Freeman established as a matter of law that appellants' claims against him in his capacity as principal of Medina Ltd were barred by the doctrines of res judicata, collateral estoppel, or law of the case. Accordingly, the trial court's judgment is reversed, and the appellants' claims against Freeman in his capacity as principal of Medina Ltd. are remanded to the trial court for further proceedings.

Sandee Bryan Marion, Chief Justice