

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00187-CV

Fred **WIGGINS**, as Trustee of the Wiggins Revocable Trust,
Appellant

v.

Jeffrey A. **GLOVER** and Donna S. Glover,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 16-01-00022-CVK
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Luz Elena D. Chapa, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: May 29, 2019

AFFIRMED

Fred Wiggins, as trustee of the Wiggins Revocable Trust, appeals a summary judgment rendered in favor of Jeffrey and Donna Glover. He argues the trial court erred by granting the Glovers' traditional motion for summary judgment and denying his cross-traditional motion for summary judgment. Concluding Wiggins's suit is barred by the statute of limitations, we affirm the trial court's judgment.

## BACKGROUND

This appeal arises from a dispute over who owns superior title to a ½ non-participating royalty interest (NPRI) in real property in Karnes County. Originally, Wiggins owned the ½ NPRI individually,[1] but he alleges he placed the ½ NPRI into the Wiggins Revocable Trust, of which he is the trustee.

In 2006, to satisfy a judgment against Wiggins, the Karnes County Sheriff seized the subject property, including the ½ NPRI, and executed a sheriff's deed purporting to convey the property to Gary Teel. The Glovers opposed the sheriff's sale because they believed they owned the property. The Glovers sued Teel, and an agreed judgment was rendered, declaring the Glovers owned the entire subject property, including the ½ NPRI. Teel also executed a quitclaim deed, disclaiming any interest he had in the subject property in favor of the Glovers.

In October 2011, Wiggins, as trustee, sued the Glovers in a trespass to try title action. In that lawsuit, Wiggins challenged the Glovers' claim to title to the ½ NPRI. The Glovers filed a motion for summary judgment in that lawsuit and, instead of filing a response, Wiggins filed a notice of nonsuit in December 2011.

Over four years later, on January 18, 2016, Wiggins, as trustee, filed the underlying lawsuit against the Glovers. In his pleadings in the trial court, and on appeal, Wiggins characterizes the underlying lawsuit as a suit to quiet title. As per his trial court pleadings, Wiggins sought to remove the clouds on his alleged title caused by the 2006 sheriff's deed and the agreed judgment in the Teel–Glover lawsuit. The parties filed traditional cross-motions for summary judgment, arguing about the merits of Wiggins's suit. In a separate ground, the Glovers argued the underlying lawsuit is barred by limitations. The trial court granted the Glovers' motion, denied Wiggins's cross-

---

[1] A 1994 deed conveyed the subject property to Wiggins as "Trustee," but he was the settlor, trustee, and sole beneficiary of the Wiggins Revocable Trust until 2006. He therefore held title to the subject property individually. *See Rife v. Kerr*, 513 S.W.3d 601, 614 (Tex. App.—San Antonio 2016, pet. denied).

motion, and rendered a final judgment against Wiggins without specifying the basis for its judgment. Wiggins timely appealed.

## STANDARD OF REVIEW

We review summary judgments de novo. *Rife*, 513 S.W.3d at 609. "To prevail on a traditional motion for summary judgment, the movant must show there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "We take as true all evidence favorable to the nonmovant, resolve all conflicts in the evidence in the non-movants' favor, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (internal quotation marks omitted). "When parties file competing motions for summary judgment, and the trial court grants one and denies the other, we review all issues presented and render the judgment the trial court should have rendered." *Id.*

## DISCUSSION

Wiggins's sole issue is, "The trial court erred in granting the Glovers' motion for summary judgment and denying the Trust's; alternatively, it erred in granting the Glovers' motion." "Where, as here, the trial court's judgment does not specify the grounds, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Cantu v. Guerra & Moore, LLP*, 549 S.W.3d 664, 667 (Tex. App.—San Antonio 2017, pet. denied).

The first ground the Glovers raised in their traditional motion for summary judgment was the statute of limitations. Wiggins argues the trial court erred by applying the residual four-year statute of limitations. The residual four-year statute of limitations provides, "Every action for which there is no express limitations period, except an action for the recovery of real property,

must be brought not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

Without explanation or argument, Wiggins suggests no statute of limitations applies, asserting his quiet title suit is "an action for the recovery of real property." However, not every quiet title action is an action for the recovery of real property. *See Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547 (Tex. 2016). The residual four-year statute does not apply when a quiet title action challenges a void instrument, but the action is subject to the residual four-year statute of limitations when the challenged instrument is merely voidable. *Id.*; *see Ryan v. Ryan*, 508 S.W.2d 129, 130 (Tex. Civ. App.—Waco 1974, no writ). A void deed is "entirely null, not binding on either party, and not susceptible of ratification," whereas a voidable deed is valid unless it is disaffirmed. *Wood*, 505 S.W.3d at 547.

Wiggins does not argue the Glovers failed to prove the 2006 sheriff's deed and the agreed judgment in the Teel–Glover lawsuit were merely voidable. He also does not argue the 2006 sheriff's deed and the agreed judgment in the Teel–Glover lawsuit are void. *See* TEX. R. APP. P. 38.1(i). Wiggins challenges the validity of the 2006 sheriff's deed and the agreed judgment in the Teel–Glover lawsuit because he argues he placed the ½ NPRI into the Wiggins Revocable Trust, but this would not necessarily render the sheriff's sale void, as opposed to voidable. *See Triangle Supply Co. v. Fletcher*, 408 S.W.2d 765, 767 (Tex. Civ. App.—Eastland 1966, writ ref'd n.r.e.) (explaining sheriff's deed was voidable, not void, when property was conveyed before sheriff's sale).

Based on the arguments and authorities Wiggins has presented on appeal, we cannot say the trial court erred by applying the residual four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051; *Wood*, 505 S.W.3d at 547; *Ryan*, 508 S.W.2d at 130. The undisputed summary judgment evidence establishes that in 2006, the Karnes County Sheriff executed the

sheriff's deed and the agreed judgment in the Teel–Glover lawsuit was rendered. Wiggins had actual knowledge of the instruments being challenged in the underlying lawsuit by October 2011, at the latest, when he first sued the Glovers. The record establishes Wiggins did not file the underlying lawsuit until five years later. Because Wiggins did not file the underlying lawsuit within the four-year statute of limitations, we hold the trial court did not err by granting the Glovers' motion for summary judgment.[2]

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

---

[2] Because statute of limitations is an affirmative defense, and Wiggins's remaining argument relate to the merits of his suit, we need not address those arguments. *See Drake v. Consumers Cty. Mut. Ins.*, No. 05-13-00170-CV, 2015 WL 2182682, at *8–9 (Tex. App.—Dallas May 8, 2015, pet. denied) (mem. op.).