In re Clifford G. OLSON, III, Relator.

No. 14–08–00270–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 2008.

Clifford G. Olson III, Rosharon, pro se.

Panel consists of Justices YATES, GUZMAN, and BROWN.

**OPINION**

PER CURIAM.

On March 21, 2008, Relator, Clifford G. Olson, III, filed a petition for writ of injunction and an application for restraining order in this Court. *See* Tex. Gov't Code Ann '22.221 (Vernon 2004); *see also* Tex. R.App. P. 52.1. Relator requests that we issue the writ and the restraining order to prevent Harris County District Clerk Theresa Chang from disposing of evidence.

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex.1989) (orig.proceeding); *In re Sheshtawy,* 161 S.W.3d 1 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding). The use of a writ of injunction is limited to cases in which we have actual jurisdiction of a pending proceeding. *In re Wyatt,* 110 S.W.3d 511 (Tex.App.-Waco 2003, orig. proceeding). Relator has no other proceeding pending in this court.

Moreover, a writ of injunction is issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *In re State,* 180 S.W.3d 423, 425 (Tex.App.-Tyler 2005, orig. proceeding). The District Clerk is not a court. We do not have jurisdiction to issue a writ against a district clerk unless it is necessary to enforce our jurisdiction. *In re Coronado,* 980 S.W.2d 691, 692 (Tex.App.-

San Antonio 1998, orig. proceeding); *In re Washington,* 7 S.W.3d 181, 182 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding).

Because we lack jurisdiction over this proceeding, we dismiss relator's petition for writ of injunction and application for temporary restraining order.