**Petition for Writ of Injunction and Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 10, 2012.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-12-00113-CV**
**NO. 14-12-00120-CV**

**IN RE JOHN C OSBORNE, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF INJUNCTION**
**WRIT OF MANDAMUS**
**190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-45141**

## MEMORANDUM OPINION

On February 9, 2012, relator John C Osborne filed a petition for writ of injunction and a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petitions, relator asks this court to compel the Honorable Patricia J. Kerrigan, presiding judge of the 190th District Court of Harris County, to enjoin Patriot Bank, the real party in interest, from taking action to evict relator from his house.

### Background

In 2008, relator refinanced the mortgage on his home through two loans: a one-year balloon note in the amount of $1,414,111.98, and a home equity loan in the amount

of $85,888.02. He used a portion of the funds from the home equity loan to pay the closing costs on the balloon note.

In April, 2011, Patriot Bank, the real party in interest, declared the balloon note in default. On August 1, 2011, relator filed suit against Patriot Bank alleging violations of the home equity lending provisions set forth in the Texas Constitution. Patriot Bank foreclosed on the note on September 6, 2011. Patriot Bank immediately brought a forcible detainer action and sought to sell the home to a third party. Relator obtained a temporary restraining order preventing Patriot Bank from selling the home.

On February 2, 2012, the judge of the County Court at Law No. 1 in Harris County signed a summary judgment in favor of Patriot Bank. The judgment specifically provided that:

> [A]ll writs and process required to effect this JUDGMENT and provide sole possession and control of the Property to Patriot Bank shall issue forthwith unless within 10 days of the signing of this judgment, the defendant files the supersedeas bond as set forth herein; and in the event of appeal, the amount of the supersedeas bond is set at $200,000 representing the value of rent, property taxes, insurance, and other damages likely to result during the pendency of the appeal.

Relator filed a motion in the 190th District Court in Harris County seeking a temporary injunction prohibiting Patriot Bank from taking the property. The respondent in this original proceeding denied relator's motion. On February 8, 2012, relator filed a notice of appeal from the denial of the temporary injunction.

In these original proceedings, relator seeks either a writ of injunction or a writ of mandamus enjoining Patriot Bank from taking action to evict him from the property.

## Writ of Injunction

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex.1989) (orig. proceeding); *In re Olson*, 252 S.W.3d 747 (Tex. App.—Houston [14th Dist.] 2008, orig.

proceeding). The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *See Holloway*, 767 S.W.2d at 683. An injunction will not be granted if there is an adequate and plain remedy at law. *See McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). For a legal remedy to be adequate, it must give the plaintiff complete, final, and equal relief. *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex. App.—Austin 2000, no pet.); *Henderson v. KRTS, Inc.*, 822 S.W.2d 769, 773 (Tex. App.—Houston [1st Dist.] 1992, no writ).

## Writ of Mandamus

Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy at law, such as by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004); *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (*citing Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding)).

Relator has filed an appeal of the trial court's denial of his temporary injunction; his remedy is to post the supersedeas bond. If the amount of the bond is onerous, relator can request that this court review the amount of the bond. *See* Tex. R. App. P. 24.4.

Relator has not established entitlement to the extraordinary relief of a writ of injunction or writ of mandamus. Accordingly, we deny relator's petitions for writ of injunction and writ of mandamus, and also deny relator's related emergency motions.

PER CURIAM


Panel consists of Chief Justice Hedges and Justices Seymore and Boyce.

3