**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed October 2, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00780-CV

---

### IN RE VICTORIA I. OKO & UWAKWE C. OKO, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF INJUNCTION**
**County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-CCV-055306**

---

## MEMORANDUM OPINION

On September 15, 2015, relators Victoria I. Oko and Uwakwe C. Oko filed a petition for writ of injunction in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to enjoin Constable Ruben Davis of Precinct 2 in Fort Bend County, from evicting relators from certain property pursuant to a writ of possession until this court

considers the appeal from the judgment awarding possession of the property to real party in interest Junior Properties, LLC.[1]

Junior Properties brought an eviction action against relators in Justice of the Peace Court, Precinct 2 of Fort Bend County. The justice court awarded possession of the property to Junior Properties. Relators appealed the justice court's judgment to County Court at Law No. 1 in Fort Bend County. On August 13, 2015, the county court at law granted Junior Properties' motion for summary judgment and signed a final judgment awarding Junior Properties possession of the property. The judgment further stated a writ of possession would issue if relators did not vacate the premises by August 26, 2015. A writ of possession was issued on September 1, 2015. A notice to vacate was served on relators on September 3, 2015, ordering them to vacate by September 5, 2015.

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). The use of a writ of injunction is limited to cases in which we have actual jurisdiction of a pending proceeding. *Id.* The appellate court may grant injunctive relief if the failure to do so would result in the appeal becoming moot and the subject matter being destroyed. *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, no writ).

---

[1] Although relators titled their petition "Original Petition for Writ of Mandamus," we construe it as a petition for writ of injunction because they are requesting injunctive relief from this court.

Relators state that they filed a notice of appeal. However, there is no appeal pending in this court from the judgment in the underlying case. Therefore, we do not have jurisdiction over this original proceeding.

Accordingly, we dismiss relators' petition for writ of injunction for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.