**IN RE: Tracey W. MURPHY, Relator**

**NO. 12–16–00065–CV**

Court of Appeals of Texas,
Tyler.

Opinion delivered March 9, 2016

Tracey W. Murphy, for Relator.

Ken Paxton Jr., for Real Party in Interest.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

## *MEMORANDUM OPINION*

PER CURIAM

In this original proceeding, Relator Tracey Murphy seeks a temporary injunction, and ultimately a permanent injunction, against the real parties in interest, Sherri L. Milligan, John Becraft, Vickie Barrow, Warden Calhoun Stuart, and Todd Harris.[1] He contends that the injunctions are nec-

---

1. The real parties in interest are employees of the Texas Department of Criminal Justice. The respondent is the Honorable Bascom W.

Bentley, III, Judge of the 369th Judicial District Court, Anderson County, Texas.

essary to prevent the destruction of certain legal and religious materials that have been confiscated. We dismiss the petition.

■ The purpose of a writ of injunction issued by an appellate court is to enforce or protect that court's jurisdiction. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 683 (Tex.1989) (orig.proceeding); *In re Sheshtawy,* 161 S.W.3d 1, 1 (Tex.App.–Houston [14th Dist.] 2003, orig. proceeding); *see* Tex. Gov't Code Ann. § 22.221(a) (West 2004). Thus, our use of a writ of injunction is limited to cases in which we have actual jurisdiction of a pending proceeding. *In re Wyatt,* 110 S.W.3d 511, 511 (Tex.App.–Waco 2003, orig. proceeding). Relator has no other proceeding pending in this court.[2] Therefore, we have no authority to issue an injunction in this proceeding. *See In re Nguyen,* 155 S.W.3d 191, 194 (Tex.App.–Tyler 2003, orig. proceeding). Accordingly, we *dismiss* Relator's petition for writ of injunction.

**2.** In a separate opinion issued today, we have dismissed Relator's appeal in our cause number 12–16–00064–CV, styled *Murphy v. Milligan,* as frivolous.