**Petition for Writ of Mandamus, Writ of Prohibition, and Writ of Injunction Denied and Memorandum Opinion filed March 28, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00189-CV**

---

**IN RE SAN JACINTO RIVER AUTHORITY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1124615**

---

## MEMORANDUM OPINION

On March 7, 2019, relator San Jacinto River Authority filed a petition for writ of mandamus, a writ of prohibition, or a writ of injunction in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jim F. Kovach, presiding

judge of the County Civil Court at Law No. 2 of Harris County, to vacate his March 5, 2019 order denying relator's motion to dismiss, and dismiss the suit.

Relator also filed a motion for temporary relief, asking our court to stay proceedings in the trial court. *See* Tex. R. App. P. 52.10.

With certain exceptions not applicable here, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

This court has jurisdiction to issue writs of prohibition to protect its jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a). "A writ of prohibition may be granted to prevent interference with higher courts in deciding a pending appeal." *In re Harper*, No. 14-11-00657-CV, 2011 WL 3667871, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, orig. proceeding) (per curiam) (mem. op.). "This court should exercise great caution before issuing a writ of prohibition." *Id.* "A party seeking a writ of prohibition must show (1) that it has no other adequate remedy at law, and (2) that it is clearly entitled to the relief sought." *In re Walker*, No. 14-18-01078-CV, 2018 WL 6684309, at *1 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, orig. proceeding) (per curiam) (mem. op.).

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). "The threat of jurisdictional interference must be real; the writ will not issue to prevent the mere possibility of interference." *Wilson v.*

2

*Woodland Hills Apartments*, No. 05-15-01369-CV, 2017 WL 526609, at *3 (Tex. App.—Dallas Feb. 9, 2017, pet. denied). "The issuance of an extraordinary writ, such as a writ of injunction, is not authorized when there is another adequate remedy." *In re Walker*, 2018 WL 6684309, at *1.

Relator has not established that it is entitled to a writ of mandamus, a writ of prohibition, or a writ of injunction. We therefore deny relator's petition and motion for temporary relief.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.