**Petition for Writ of Mandamus Dismissed in Part and Denied in Part, Petition for Writ of Injunction Dismissed in Part and Denied in Part, Request for Declaratory Relief Dismissed, and Memorandum Opinion filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00492-CV

## IN RE THOMAS W. STEPHENS, Relator

| |
| --- |
| **ORIGINAL PROCEEDING**<br>**WRIT OF MANDAMUS**<br>**WRIT OF INJUNCTION**<br>**DECLARATORY RELIEF**<br>**309th District Court**<br>**Harris County, Texas**<br>**Trial Court Cause No. 2016-55185** |

## MEMORANDUM OPINION

On June 20, 2019, relator Thomas W. Stephens filed a petition for writ of mandamus, petition for writ of injunction, and petition for declaratory judgment in

this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. Relator names the Honorable Linda Marie Dunson, presiding judge of the 309th District Court of Harris County, and Molly Mai, court coordinator of the 309th District Court, as respondents.

In the underlying suit affecting the parent-child relationship, relator filed a counter-petition to modify the parent-child relationship. Included in relator's counter-petition is a request for temporary orders. Relator complains that Mai refused his requests to set his counter-petition and request for temporary orders for a hearing and the trial court refused to rule on his counter-petition and request. Relator seeks relief from Mai's purported refusal to set his counter-petition and for a hearing and the trial court's failure to rule on the counter-petition

## I. PETITION FOR WRIT OF MANDAMUS

### A. Court Coordinator

A court of appeals may issue writs of mandamus against certain specified parties. Tex. Gov't Code § 22.221(b). The courts of appeals may also issue all writs necessary to enforce the court of appeals' jurisdiction. *Id.* § 22.221(a). A court coordinator is not among parties specified in the Government Code against whom a writ of mandamus may issue. *See id.* at § 22.221(b). Relator has not shown that the issuance of a writ of mandamus against Mai is necessary to enforce this court's jurisdiction. *See id.* at § 22.221(a). The petition for writ of mandamus against Mai is dismissed for lack of jurisdiction.

2

**B.  District Court Judge**

Ordinarily, to be entitled to mandamus relief, a relator must show that the trial court abused its discretion and that the relator lacks an adequate remedy by appeal. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding).  When a motion is properly pending before a trial court, the act of considering and ruling on it is ministerial, and mandamus may issue to compel the trial court to act.  *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam).  To establish that the trial court abused its discretion by failing to rule on a properly pending motion, the relator must establish that the trial court (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so.  *In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig. proceeding).

Relator filed his counter-petition to modify the parent-child relationship with the district clerk as it bears the clerk's stamp showing the time and date it was filed.  Relator made Mai aware of the counter-petition.  However, relator has not shown that the trial judge was aware of his counter-petition or request for temporary orders therein contained.  The court coordinator's knowledge of the counter-petition does not impute her knowledge of the filing to the trial judge.  *Cf. In re Smith*, 279 S.W.3d 714, 715 n.1 (Tex. App.—Amarillo 2007,orig. proceeding) (holding that filing a document with the district clerk does not mean that the trial court knows of it; nor is the clerk's knowledge imputed to the trial court); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—El Paso 2001, orig. proceeding) (same).

Relator must show that the trial judge knew of the filing of the counter-petition, and the trial judge cannot be faulted for not ruling on a motion that was not called to her attention. The petition for writ of mandamus against Judge Dunson is denied.

## II. PETITION FOR WRIT OF INJUNCTION

The purpose of a temporary injunction is to enforce or protect the appellate court's jurisdiction. *In re Sheshtawy*, 161 S.W.3d 1, 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). The writ of injunction is issued by superior court to control, limit, or prevent action in a court of inferior jurisdiction. *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). The use of a writ of injunction is limited to cases in which the court of appeals has actual jurisdiction over a pending appeal. *Id.*

### A. Court Coordinator

As to Mai, a court coordinator is not a court, and we do not have jurisdiction to issue a writ against a court coordinator unless it is necessary to enforce our jurisdiction. *See id.* (holding that the appellate court did not have jurisdiction to issue a writ of injunction against a district clerk). Relator has not shown that it is necessary to issue a writ of injunction against Mai to enforce this court's jurisdiction. Therefore, the petition for writ of injunction against Mai is dismissed for lack of jurisdiction.

**B.     District Court Judge**

As to Judge Dunson, relator has not shown that he is entitled to a writ of injunction against her.  The use of a writ of injunction is limited to cases in which we have actual jurisdiction over a pending appeal.  *See id.*  Relator does not have an appeal pending in this court.  Therefore, relator's petition for a writ of injunction against Judge Dunson is denied.

### III.  REQUEST FOR DECLARATORY RELIEF

The purpose of the Declaratory Judgments Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations."  Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b).  A court of appeals lacks jurisdiction to render declaratory judgments in original proceedings.  *In re Perkins*, No. 03-18-00146-CV, 2018 WL 1247438, at *1 n.1 (Tex. App.—Austin Mar. 9, 2018, orig. proceeding) (mem. op.); *Lydick v. Chairman of the Dallas Cty. Republican Exec. Comm.*, 456 S.W.2d 740, 741 (Tex. App.—Dallas 1970, orig. proceeding); *Donald v. Carr*, 407 S.W.2d 288, 291 (Tex. App.—Dallas 1966, orig. proceeding).  Therefore, relator's request for a declaratory judgment against Mai and Judge Dunson is dismissed for lack of jurisdiction.

### IV.  CONCLUSION

In summary, relator's (1) petition for writ of mandamus is dismissed for lack of jurisdiction as to Mai and denied as to Judge Dunson; (2) petition for writ of injunction is dismissed for lack of jurisdiction as to Mai and denied as to Judge

5

Dunson; and (3) request for declaratory relief is dismissed for lack of jurisdiction as to Mai and Judge Dunson.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Hassan.