**Opinion issued August 27, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00290-CV

———————————

## DAVID BERRY, Appellant

## V.

## FAITH TEMPLE MINISTRY INTERNATIONAL, Appellee

———————————

## NO. 01-19-00369-CV

## NO. 01-19-00370-CV

———————————

## IN RE DAVID BERRY, RELATOR

---

**On Appeal from the County Civil Court at Law No. 3***
**Harris County, Texas**
**Trial Court Case No. 1128507**

---

\*      Berry filed a petition for writ of mandamus and a petition for writ of injunction from the same trial court proceeding. The underlying proceeding is *Faith Temple Ministry International v. David Berry*, Cause No. 1128507 in County Civil Court at Law No. 3, Harris County, the Honorable LaShawn A. Williams presiding.

## MEMORANDUM OPINION

Appellant, David Berry, appeals the trial court's order concluding that appellee, Faith Temple Ministry International, was entitled to immediate possession of the property at 411 Berry Road, Houston, Texas. Berry also filed a petition for writ of mandamus, a petition for writ of injunction, and various accompanying motions related to the same trial court case.

## Mandamus

This court's writ jurisdiction is governed by section 22.221 of the Texas Government Code. This court "may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district . . . ." TEX. GOV'T CODE § 22.221(b)(1). To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *see also In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). It is the relator's burden to provide this court with a sufficient record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *see* TEX. R. APP. P. 52.3, 52.7.

Berry has not met his burden to provide this court a record demonstrating that the trial court abused its discretion. Accordingly, we deny Berry's petition for writ of mandamus.

## Appeal

On June 4, 2019, we issued an order in the appeal directing Berry to file a response within 10 days establishing this court's jurisdiction. A final judgment in an eviction suit is not appealable on the issue of possession unless the premises are used for residential purposes only. *See* TEX. PROP. CODE § 24.007. Berry did not file a response to this court's request to establish jurisdiction. The record does not show that the premises were used for residential purposes only. Accordingly, we do not have jurisdiction to review the order for possession. We dismiss the appeal for lack of jurisdiction.

## Injunction

This court's injunctive powers are limited. "Each court of appeals . . . may issue . . . all . . . writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE § 22.221(a). Our use of a writ of injunction is limited to cases in which we have actual jurisdiction of a pending proceeding. *In re Murphy*, 484 S.W.3d 655, 656 (Tex. App.—Tyler 2016, orig. proceeding). Because we do not have jurisdiction in a pending proceeding, we deny Berry's petition for writ of injunction.

## Conclusion

We deny the petition for writ of mandamus, and we deny the petition for writ of injunction. We dismiss the appeal for lack of jurisdiction. All other pending motions are denied.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.