

## NUMBER 13-19-00551-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE J. MICHAEL MOORE

On Petition for Writ of Mandamus, Prohibition, and Injunction.

# MEMORANDUM OPINION
**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Benavides[1]**

Relator J. Michael Moore filed a petition for writ of mandamus, prohibition, and injunction in the above cause on October 24, 2019. Through this original proceeding, relator seeks (1) a writ of mandamus to compel the respondent, the Honorable Judge Fernando Mancias, to vacate his October 18, 2019 order striking relator's plea in intervention, (2) a writ of prohibition ordering and prohibiting the respondent from interfering with the jurisdiction of the assigned senior justice of the 93rd Judicial District

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

Court, and (3) a writ of injunction prohibiting and enjoining real parties in interest Marco A. Cantu a/k/a Mark Cantu and Roxanne Cantu a/k/a Roxana Cantu "or any other parties in active concert with them" from filing any further lawsuits or otherwise initiating pleadings in any other court "concerning or related to the subject of these proceedings below for the purpose of forum shopping, or to avoid this Court's jurisdiction over any appeal in the proceedings below." We conditionally grant the petition for writ of mandamus and deny the petitions for writs of prohibition and injunction.

## I. BACKGROUND

In their briefing, the parties have extensively discussed the lengthy history and convoluted facts that provide the backdrop to this original proceeding.[2] Here, we confine our recitation of the facts to those that are relevant and necessary to resolution of the issues presented.

The underlying proceedings arise from trial court cause number C-4003-19-B in the 93rd District Court of Hidalgo County, Texas. In the underlying proceedings, Cantu seeks the Rule 202 deposition of Ricardo Rodriguez. *See* TEX. R. CIV. P. 202 (governing depositions taken before an anticipated suit or to investigate a potential claim or suit). On October 8, 2019, relator filed a "Plea in Intervention and Motion to Transfer from Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules and Art. 52.01." Relator asserted that he was an interested party with a justiciable interest in the subject matter of the allegations in the suit because "he is one of the subjects of [Cantu's] request to initiate a criminal prosecution." Relator alleged, in relevant part, that Cantu had engaged in forum

---

[2] *See, e.g.*, *Comm'n for Lawyer Discipline v. Cantu*, No. 18-0879, 2019 WL 5482830, at *1–6, __ S.W.3d __, __ (Tex. Oct. 25, 2019) (per curiam); *Rodriguez v. Cantu*, 581 S.W.3d 859, 861–70 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.); *Cantu v. Guerra & Moore, LLP*, 549 S.W.3d 664, 666–72 (Tex. App.—San Antonio 2017, pet. denied).

2

shopping and requested transfer of the case from the 93rd District Court to the 92nd District Court. That same day, relator filed a separate "Motion to Transfer from Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules." This motion sought transfer of the case from the 93rd District Court "back to the first filed court," the 92nd District Court, because the case "was improperly transferred" to the 93rd District Court in violation of Rule 1.1 of the Hidalgo County Local Rules. Relator argued that the Local Rules provided that: "[o]n being filed, a case shall be assigned randomly to the docket of one of the District Courts with civil jurisdiction," and "[o]nce assigned to a court, a case will remain on the docket of that court for all purposes unless transferred as provided by these rules." Relator contended that Cantu's "unlawful forum shopping" had resulted in the case's transfer to the 93rd District Court.

On October 9, 2019, the Honorable Mario Ramirez Jr., the Local Administrative Presiding Judge, signed an "Order of Referral and Recusal on Judge's Own Motion." The order stated that, after having "reviewed the Plea in Intervention and Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules and Art. 52.0 and the Motion to Transfer From Improper Court Pursuant to Rule 1.2.7. Hidalgo County Local Rules," Judge Ramirez found it "necessary" to recuse himself. This order recused Judge Ramirez and "referred this cause" to the Presiding Judge of the Fifth Administrative Judicial Region "for assignment of a judge to preside in this cause."

On October 9, 2019, the Honorable Missy Medary, Presiding Judge of the Fifth Administrative Judicial Region, signed an "Order of Assignment." The order assigns J. Manuel Bañales, Senior Judge, to the 93rd District Court pursuant to section 74.056 of the government code. The order specifically provides that:

3

The judge is assigned to preside in Cause Number C-4003-19-B styled Marco Cantu, (Petitioner), J. Michael Moore, (Intervenor) vs. Hidalgo County District Attorney Ricardo Rodriguez (Respondent) for the limited purpose of determining the *Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules, Plea in Intervention and Motion to Strike Plea in Intervention and Motion for Sanctions and Response to Motion to Transfer*.

On October 10, 2019, Cantu filed "Plaintiff's Objection to Appointment of Visiting Presiding Judge." On October 11, 2019, Judge Bañales signed an order setting a hearing on Cantu's objection to be held on October 24, 2019, "at the same date and time as the other motions."

On October 15, 2019, however, the Honorable Fernando Mancias, Presiding Judge of the 93rd District Court, signed an "Order Setting Hearing on Plaintiff's Motion to Strike Plea [in] Intervention and Motion for Sanctions." This hearing was set for October 18, 2019, at 3:00 p.m.

On October 17, 2019, Cantu filed "Plaintiff's Supplemental Objection to Appointment of Visiting Presiding Judge."

On Friday, October 18, 2019, at 10:09 a.m., relator filed a letter directed to Judge Mancias. The letter enclosed the Order of Assignment signed by Judge Medary assigning Judge Bañales to the case and quoted portions of the letter of assignment, including the specific matters for which Judge Bañales had been assigned. The letter informed Judge Mancias that Judge Bañales had set all pending motions, including Cantu's objection to his assignment, for hearing on October 24, 2019. The letter further stated:

> On Tuesday, October 15, 2019, Marco A. Cantu obtained a setting on the same motions as that previously set by Presiding Judge Jose Manuel Bañales of the 93rd District Court in this case which are subject to this assignment, set by you for today at 3 p.m. The Order of Assignment by the Presiding Judge of the Fifth Administrative Region, Judge Missy Medary,

4

commits exclusive jurisdiction of this case over Mr. Marco A. Cantu's motions until further order of the Administrative Presiding Judge.

Therefore, it is with all due respect that the undersigned Intervenor requests that this Court remove the hearing set in this matter at 3:00 o'clock p.m. today, October 18, 2019, as any order or action taken by the Court would be a nullity, since the Order of Assignment controls the hearing on the subject motions set for today.

By copy of this letter via e-file service, all parties are being notified of this action as indicated below.

On October 18, 2019, Judge Mancias proceeded with the scheduled hearing. Cantu appeared, but relator did not. Cantu noted that relator had filed "some kind of pleading saying that Judge Bañales had been ordered to do something, but . . . this is on my motion to strike their intervention and the Court set it and he had notice of it." Judge Mancias stated that he had received "an order from Judge Bañales where he sustained an objection to him being assigned to whatever case he was assigned to."[3] Judge Mancias instructed the bailiff to call for relator, who did so "three times; no response."[4]

---

[3] The record does not appear to contain this order.

[4] As per the affidavit of relator:

On October 18, 2019, at 10:09 a.m., I e-served correspondence to Judge Fernando Mancias of the 93rd Court of Hidalgo County, objecting to a hearing scheduled to be heard on that date at 3:00 p.m. by Judge Mancias. As I was unable to reach the court by phone, I sent Mr. Erasmo Escamilla, an employee of Moore Law Firm, to go hand deliver a courtesy copy of the correspondence to Judge Mancias at his office.

Mr. Escamilla, while at the Courthouse, found that the courtroom was locked including Judge Mancias' office. While attempting to ascertain if the court personnel would be there for that afternoon hearing at 3:00 p.m., Mr. Escamilla was approached by personnel from County Court # 5, who informed him that the 93rd Court was closed for the day. They further explained that the Court personnel would not return until Monday, October 21, 2019. Mr. Escamilla left the courthouse and returned to the office. As a result of the information given to Mr. Escamilla, I did not appear at that afternoon's hearing even though at the appointed time, another phone call was placed to the 93rd Court to make certain that the Court was closed. My phone calls went unanswered. Thereafter, on October 21, 2019, I received a signed order striking my Plea of Intervention in Cause No. C-4003-19-B. The order was signed by Judge Mancias.

5

After further discussions, both on and off the record, Judge Mancias verbally granted Cantu's motion to strike relator's intervention. That same day, Judge Mancias signed an order striking relator's plea in intervention.

On October 21, 2019, Judge Medary assigned the Honorable Rogelio Valdez to the case. The language of the order assigning Judge Valdez mirrors that of the assignment to Judge Bañales. It specifically provides that Judge Valdez is assigned to provide in the case for "the limited purpose" of determining the "Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules, Plea in Intervention and Motion to Strike Plea in Intervention and Motion for Sanctions and Response to Motion to Transfer."

This original proceeding ensued. Relator asserts that the trial court erred by entering an order striking relator's plea in intervention "after having been removed as the Presiding Judge of the 93rd Judicial District Court from this case by Judge Medary" and relator lacks an adequate remedy by appeal to address this error. The Court requested that the real parties in interest—Marco A. Cantu a/k/a Mark Cantu and Roxanne Cantu a/k/a Roxana Cantu; Ricardo Rodriguez, the Hidalgo County District Attorney; and Juan L. Villescas, Assistant District Attorney; or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

---

Judge Mancias signed and entered an Order Striking my Plea in Intervention at a time when the Presiding Judge of the Fifth Administrative Judicial Region, the Honorable Missy Medary, had previously assigned to a Senior Judge to the 93rd District Court, to determine that issue and the transfer of the case back to the first filed court, the 92nd Judicial District Court.

Relator also filed the affidavit of Escamilla detailing his actions as described by relator.

6

After requesting and receiving an extension of time, Cantu filed a "Reply to Petition for Writ of Mandamus." In his response, Cantu raises two arguments in opposition to relator's request for extraordinary relief. Cantu first asserts that "the relator merely tendered exhibits, without a brief," and further asserts that relator "did not comply with Section 3, Rule 52. 3 (d) (1) (3) (f) (g) (h) (i)." *See* Tex. R. App. P. 52.3. Cantu's arguments concern the form and contents of a petition, including the appellate requirements pertaining to the statement of the case, issues presented, statement of facts, argument, and prayer. *See id.* Cantu's arguments are not supported by the record. Relator's petition, which is available for review on our website, contains argument and authority, and includes a statement of the case, the issues presented, a statement of facts, and a prayer for relief. While the petition does not include a separate section entitled "issues," the issues are nevertheless expressly stated in the table of contents and reiterated in the body of the petition. We conclude that the petition meets the requirements of the appellate rules. *See id.*

Cantu further asserts that the trial court did not abuse its discretion in striking the intervention "when the intervenor fail[ed] to appear at the hearing and fail[ed] to establish a justiciable interest in the controversy." Cantu's arguments address the substantive merits of the Judge Mancias's ruling on the intervention rather than Judge Mancias's ability to rule on it.

Relator filed a reply in support of his petition arguing that Cantu's response did not address the issues presented in this original proceeding.

Cantu thereafter filed a response to relator's reply. He continues to assert that "[t]here is no argument and authorities ever presented [by relator] in this case." He

7

asserts that he never received a petition "outlining any alleged error" committed by the trial court and that he has "also checked on this Court's web site, and only found a copy of the exhibits." Cantu asserts that all issues presented here are moot because the intervention was struck, and issues made "for the first time" in relator's "response" concerning lack of jurisdiction are not before this Court and should be summarily overruled. Cantu further makes arguments pertaining to the alleged merits of his underlying claims and his pending appeal regarding disbarment. He insists that the trial court's ruling was correct and the "other issues presented" by relator "are all rabbit trails designed to keep this court from focusing on whether there was an abuse of discretion on behalf of [the trial court] in striking the [i]ntervention."

Subsequently, relator filed a motion for emergency stay on grounds that Judge Mancias had issued further orders in the matter below, including appointing an attorney pro tem and authorizing the empaneling of a grand jury. This Court granted temporary relief.

## II. STANDARD OF REVIEW

Relator seeks extraordinary relief by original appellate proceeding through the issuance of writs of mandamus, prohibition, and injunction. *See* TEX. R. APP. P. 52.1. The issuance of an extraordinary writ is not authorized when the relator has an adequate remedy by appeal. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding).

### A. Mandamus

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*,

8

341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

### B. Prohibition

A writ of prohibition is a "creature of limited purpose." *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); *see In re State ex rel. Munk*, 448 S.W.3d 687, 694 (Tex. App.—Eastland 2014, orig. proceeding); *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). A writ of prohibition issues only to prevent the threatened commission of a future act. *See Tilton v. Marshall,* 925 S.W.2d 672, 676 n.4 (Tex. 1996) (orig. proceeding). The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway*, 767 S.W.2d at 682–83; *In re Tex. Dep't of Transp.*, 583 S.W.3d 794, 796 (Tex. App.—El Paso 2019, orig. proceeding); *In re Cap*

9

*Rock Energy Corp.*, 225 S.W.3d 160, 160 (Tex. App.—El Paso 2005, orig. proceeding). The purpose of the writ is to protect the subject matter of an appeal or to prohibit unlawful interference with enforcement of an appellate court's judgment. *See Holloway*, 767 S.W.2d at 683; *In re Tex. Dep't of Transp.*, 583 S.W.3d at 796; *In re Miller*, 433 S.W.3d at 84; *Sivley v. Sivley*, 972 S.W.2d 850, 862–63 (Tex. App.—Tyler 1998, orig. proceeding). Thus, a writ of prohibition has three functions: (1) preventing interference with higher courts in deciding a pending appeal; (2) preventing inferior courts from entertaining suits which will relitigate controversies which have already been settled by issuing courts; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *In re Tex. Dep't of Transp.*, 583 S.W.3d at 796; *In re Lewis*, 223 S.W.3d at 761; *In re Johnson*, 961 S.W.2d 478, 481 (Tex. App.—Corpus Christi–Edinburg 1997, orig. proceeding). An appellate court does not have jurisdiction, absent actual jurisdiction of a pending proceeding, to issue a writ of prohibition requiring that a trial court refrain from performing a future act. *In re State ex rel. Munk*, 494 S.W.3d 370, 376–77 (Tex. App.—Eastland 2015, orig. proceeding); *In re Nguyen*, 155 S.W.3d 191, 194 (Tex. App.—Tyler 2003, orig. proceeding); *Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). The writ will not issue to protect an appellate court's jurisdiction from the "mere possibility" of interference by a trial court; rather, the threat of jurisdictional interference must be "imminent." *In re Miller*, 433 S.W.3d at 84; *see In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.—Tyler 2006, orig. proceeding).

The essential difference between the writ of prohibition and the writ of mandamus is that the former issues to prevent the commission of a future act whereas the latter

operates to undo or nullify an act already performed; the former will not be granted when the act sought to be prevented is already done, but will lie when such act is not a full, complete, and accomplished judicial act. *In re State ex rel. Escamilla*, 561 S.W.3d 711 (Tex. App.—Austin 2018, orig. proceeding).

### C. Injunction

Like the writ of prohibition, the purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway*, 767 S.W.2d at 683; *In re Murphy*, 484 S.W.3d 655, 656 (Tex. App.—Tyler 2016, orig. proceeding) (per curiam); *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (per curiam); *In re Sheshtawy*, 161 S.W.3d 1, 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). The writ of injunction is issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *In re Olson*, 252 S.W.3d at 747; *In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding). The use of a writ of injunction is limited to cases in which we have actual jurisdiction over a pending proceeding. *In re Murphy*, 484 S.W.3d at 656; *In re Olson*, 252 S.W.3d at 747; *In re Wyatt*, 110 S.W.3d 511, 511 (Tex. App.—Waco 2003, orig. proceeding).

Like the writ of prohibition and in contrast to a writ of mandamus, a writ of injunction is preventative in nature. *Campbell v. Wilder*, 487 S.W.3d 146, 153–54 (Tex. 2016). However, a writ of injunction operates on individuals whereas a writ of prohibition is directed against a court. *Haskett v. Harris*, 567 S.W.2d 841, 844 (Tex. Civ. App.—Corpus Christi–Edinburg 1978, no writ); *Cattlemens Trust Co. of Ft. Worth v. Willis*, 179 S.W. 1115, 1118 (Tex. Civ. App.—Fort Worth 1915, no writ); *see also Amsav Grp. v. American*

11

*Sav. & Loan Ass'n of Brazoria Cty.*, No. C14-89-00006-CV, 1989 WL 3387, at *1 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding) (mem. op.).

### III. LAW AND ANALYSIS

More than one judge may exercise authority over a single case. *Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Davis v. Crist Indus., Inc.*, 98 S.W.3d 338, 343 (Tex. App.—Fort Worth 2003, pet. denied); *see also* TEX. CONST. art. V, § 11 (district judges may exchange districts or hold court for each other when they deem it expedient); TEX. R. CIV. P. 330(g) (stating that in counties with two or more district courts having civil jurisdiction, "any judge may hear any part of any case or proceeding pending in any said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case"). These provisions for transfer between courts in the same county "were clearly intended as a convenience for the courts and the parties" based on the "underlying assumption that the courts, if not the parties, would communicate and cooperate with one another in a collegial fashion." *Republic Royalty Co. v. Evins*, 931 S.W.2d 338, 342 (Tex. App.—Corpus Christi–Edinburg 1996, orig. proceeding). The statutes and rules rely on judicial restraint and collegiality to prevent district and county courts within the same county from fighting one another for jurisdiction over a particular case. *Id.*

Further, the presiding judge of an administrative judicial region is authorized to assign judges in the region to "try cases and dispose of accumulated business." TEX. GOV'T CODE ANN. § 74.056(a), (b). A judge sitting by order of assignment has "all the powers of the judge of the court to which he is assigned." *See id.* § 74.059(a). Generally,

12

visiting judges are assigned either to a particular case or for a specific period of time. *Hull*, 365 S.W.3d at 41; *In re Republic Parking Sys., Inc.*, 60 S.W.3d 877, 879 (Tex. App.—Houston [14th Dist.] 2001, orig. proceeding). The terms of the assignment order control the extent of the assigned judge's authority and when that authority terminates. *See Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex. 1991) (per curiam); *In re Amos*, 397 S.W.3d 309, 314 (Tex. App.—Dallas 2013, orig. proceeding); *Hull*, 365 S.W.3d at 41; *In re B.F.B.*, 241 S.W.3d 643, 645 (Tex. App.—Texarkana 2007, no pet.); *Davis*, 98 S.W.3d at 341.

Section 74.053 of the Texas Government Code governs objections to the assignment of trial judges. *See* TEX. GOV'T CODE ANN. § 74.053. If a properly filed objection under this statute is timely, "the assigned judge's disqualification is automatic." *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding); *see id.* § 74.053(b) (stating that "the judge shall not hear the case"); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex. 1996) (orig. proceeding) (per curiam) ("When a party files a timely objection to an assigned judge under section 74.053 of the Texas Government Code, the assigned judge's disqualification is mandatory."); *see also In re Honea*, 415 S.W.3d 888, 890 (Tex. App.—Eastland 2013, orig. proceeding).

This original proceeding attacks the respondent's ruling striking relator's plea in intervention, and the resolution of the matter before us requires us to determine who had the authority to rule on relator's plea in intervention. As stated previously, relator's plea in intervention and motion to transfer were originally submitted to Judge Ramirez; however, Judge Ramirez recused himself and referred the matter to the regional presiding judge in accordance with Texas Rule of Civil Procedure 18a(f). *See* TEX. R. CIV. P. 18a(f). Under Rule 18a(f), the regional presiding judge had the authority to assign a judge to rule.

13

*See id.* R. 18a(g). Rule 18a offers no third option whereby a judge other than the regional presiding judge can handle matters following recusal. *See generally id.* R. 18a. Stated otherwise, Rule 18a "expressly confers the authority to reassign a case following a recusal to the regional presiding judge of the administrative judicial district." *In re Alpert*, 276 S.W.3d 592, 596 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding [mand. denied]) (concluding that the regional presiding judge, rather than the presiding judge of the statutory probate courts, possessed the authority to reassign cases after a motion to recuse had been filed in a probate matter). We note that the language of Rule 18a is "mandatory." *In re State ex rel. Durden*, No. 04-19-00215-CR, 2019 WL 3642650, at *2, __ S.W.3d __, __, (Tex. App.—San Antonio Aug. 7, 2019, orig. proceeding); *In re Marshall*, 515 S.W.3d 420, 422 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding); *Culver v. Culver*, 360 S.W.3d 526, 537 (Tex. App.—Texarkana 2011, no pet.).

After the recusal, Judge Medary, acting in accordance with Rule 18a as the regional presiding judge, assigned two different judges to rule on the referred matters. *See id.* We examine the terms of the orders of assignment to determine the extent of the assigned judges' authority and when that authority terminated. *See Ex parte Eastland*, 811 S.W.2d at 572; *In re Amos*, 397 S.W.3d at 314; *Hull*, 365 S.W.3d at 41. Here, both the original assignment order to Judge Bañales on October 9, 2019, and the subsequent assignment order to Judge Valdez on October 21, 2019, contain language specifically assigning them to "preside in Cause Number C-4003-19-B styled Marco Cantu, (Petitioner), J. Michael Moore, (Intervenor) vs. Hidalgo County District Attorney Ricardo Rodriguez (Respondent) for the limited purpose of determining the *Motion to Transfer From Improper Court Pursuant to Rule 1.2.7 Hidalgo County Local Rules, Plea in*

14

*Intervention and Motion to Strike Plea in Intervention and Motion for Sanctions and Response to Motion to Transfer.*" As stated previously, the record indicates that Cantu objected to Judge Bañales's assignment, and thus his disqualification was automatic, and Judge Medary then assigned those same specified matters to Judge Valdez. Although more than one judge may exercise authority over the case, the terms of the assignment orders here precluded Judge Mancias from determining the merits of the plea in intervention or the motion to transfer because Judge Medary's orders gave the assigned judges the exclusive authority over those matters specified in the terms of the orders of assignment. *See Davis*, 98 S.W.3d at 341. Accordingly, Judge Mancias lacked authority to entertain and rule on Cantu's motion to strike relator's plea in intervention and motion to transfer. *See id.* He abused his discretion in concluding otherwise. *See id.*

Under the circumstances presented in this case, we conclude that relator lacks an adequate remedy by appeal to address this error. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. It is well-established that the requirement that the relator lack an adequate remedy at law is relaxed when the writ is sought against a trial judge who is acting without authority. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding); *In re Richardson*, 252 S.W.3d 822, 826 (Tex. App.—Texarkana 2008, orig. proceeding). After carefully balancing the benefits and detriments of review by extraordinary writ, any alleged remedy by appeal would not suffice to spare relator from further proceedings conducted by a trial judge who lacks authority to rule. *See In re Team Rocket, L.P.*, 256 S.W.3d at 262; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

We turn our attention to relator's request for relief by mandamus, prohibition, and injunction. Relator requests (1) a writ of mandamus ordering Judge Mancias to vacate

15

his order of October 18, 2019; (2) a writ of prohibition preventing Judge Mancias from interfering with the assigned judge in this case "or any other assigned judges or any court in which the matter might be transferred pursuant to a valid transfer order"; and (3) a writ of injunction prohibiting and enjoining the real parties in interest, "or any other parties in active concert with them" from "filing any further lawsuits or other initiating pleading in any other court concerning or related to the subject of these proceedings below for the purpose of forum shopping, or to avoid this Court's jurisdiction over any appeal in the proceedings below." We conclude that mandamus relief is appropriate and required under the circumstances of this case. Judge Mancias lacked authority to rule on the plea in intervention and motion to transfer, *see Davis*, 98 S.W.3d at 341, and relator lacks a remedy by appeal to address this error. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *In re Union Pac. Res. Co.*, 969 S.W.2d at 428; *In re Richardson*, 252 S.W.3d at 826. Accordingly, we conditionally grant mandamus relief and direct Judge Mancias to vacate his order. In contrast, we deny relator's request for relief by writs of injunction and prohibition. There is no pending proceeding to which these matters pertain and fundamentally relator has failed to show that the issuance of these writs is necessary to enforce the jurisdiction of this Court. *See In re Yates*, 193 S.W.3d 151, 152 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

**IV. CONCLUSION**

The Court, having examined and fully considered the petition, the response, the applicable law, and the additional briefing provided by the parties, is of the opinion that relator has shown himself entitled to relief by mandamus, but not by prohibition or injunction. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP.

16

P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant the petition for writ of mandamus and direct Judge Mancias to vacate his order of October 18, 2019, striking relator's petition for intervention and any and all other orders that he has issued in this case. Our writ will issue only if he fails to promptly comply with our directive. We deny the petition for writ of prohibition and writ of injunction.

GINA M. BENAVIDES.
Justice

Delivered and filed the
19th day of December, 2019.