

**NUMBER 13-20-00528-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE LILLIAN SMITH**

**On Petition for Writ of Injunction.**

**MEMORANDUM OPINION**

**Before Chief Justice Contreras and Justices Hinojosa and Perkes
Memorandum Opinion by Justice Hinojosa[1]**

The Gonzales County probate court granted an application for the sale of real estate filed by Craig Hopper, guardian of the estate of Margaret Landgrebe, an incapacitated person. Lillian Smith[2] appealed that order in our appellate cause number 13-20-00476-CV and filed a petition in the foregoing cause number seeking to enjoin

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] *See id.* R. 52.1 (providing that an original appellate proceeding seeking extraordinary relief should be captioned in the name of the relator); *id.* R. 52.2 (designating the party seeking relief in an original proceeding as the relator).

Hopper, as guardian of the Estate of Margaret Virginia Landgrebe, from selling the real estate at issue "in order to preserve the subject matter of the underlying appeal and prevent it from becoming moot." We dismiss the petition for writ of injunction as moot.

The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex. 1989) (orig. proceeding); *In re Murphy*, 484 S.W.3d 655, 656 (Tex. App.—Tyler 2016, orig. proceeding) (per curiam); *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (per curiam); *In re Sheshtawy*, 161 S.W.3d 1, 1 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (per curiam). The writ of injunction is issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *In re Olson*, 252 S.W.3d at 747; *In re State*, 180 S.W.3d 423, 425 (Tex. App.—Tyler 2005, orig. proceeding). The use of a writ of injunction is limited to cases in which the appellate court has actual jurisdiction over a pending proceeding. *In re Murphy*, 484 S.W.3d at 656; *In re Olson*, 252 S.W.3d at 747. A writ of injunction is preventative in nature. *Campbell v. Wilder*, 487 S.W.3d 146, 153–54 (Tex. 2016).

By separate opinion issued this same date in cause number 13-20-00476-CV, we have dismissed Smith's appeal for lack of jurisdiction. *See Guardianship of Margaret Virginia Landgrebe*, No. 13-20-00476-CV, 2020 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg Dec. __, 2020, no pet. h.) (mem. op.). Accordingly, we dismiss this petition for writ of injunction as moot.

LETICIA HINOJOSA
Justice

Delivered and filed the
10th day of December, 2020.