COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Aderonke Aderemi v. Massandra KV Vineyards Owner LLC, as Successor in Interest to PAC

Appellate case number:    01-22-00520-CV

Trial court case number:    1176890

Trial court:    County Civil Court at Law No. 1 of Harris County

Appellant Aderonke Aderemi has appealed from the trial court's April 5, 2022 Final Judgment in favor of appellee Massandra KV Vineyards Owner LLC, as Successor in Interest to PAC. In the final judgment, the trial court ruled that appellee was entitled to possession of the premises located at 21550 Provincial Blvd., Apt. No. 09-921, Katy, Texas 77450. The final judgment further provided that the "amount of the supersedeas bond [was] . . . set at $12,840.00." *See* TEX. R. APP. P. 24.2(a)(2)(A). The appellate record reflects that on April 6, 2022, appellant deposited cash in the amount of $12,480.00 in the trial court's registry, as payment of the supersedeas bond.

Appellant has filed a "Motion for Consideration to Proceed Without Payment of Appellate Court Cost." Our records reflect that the clerk's record and reporter's record have been filed with this Court at no cost to appellant. The clerk's record includes a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond," filed with the trial court on October 1, 2021. *See* TEX. R. CIV. P. 145(a), (b), (d); *see also* TEX. R. CIV. P. 502.3. Further, the record filed in this Court does not reflect that any motion to require appellant to pay costs or any contest to appellant's filed statement of inability to afford payment of court costs has been filed by any party. *See* TEX. R. CIV. P. 145(f); TEX. R. APP. P. 20.1(b).

Appellant's motion is **granted**. **The Clerk of this Court is directed to make an entry in this Court's records that appellant is allowed to proceed on appeal without payment of costs.** *See* TEX. R. CIV. P. 145(a); TEX. R. APP. P. 20.1.

Separately, appellant has also filed a "Petition/Emergency Motion for Temporary Injunction and Injunctive Relief." In her motion, appellant discusses several alleged repairs which need to be addressed in the apartment unit she leases from appellee, including a broken air conditioning unit, leaking roof, leaking sink, non-functioning stove, and freon

leak from the refrigerator, among others allegedly necessary repairs. According to her motion, appellant has requested repairs to address these issues, but these requests have gone ignored by appellee. Appellant therefore requests that this Court enter a "[t]emporary [i]njunction" ordering appellee to "immediately remedy and fix, replace and repair all [d]efective [a]menities and make [the] apartment unit habitable."

The authority of an intermediate appellate court, such as this Court, to grant injunctive relief is limited by statute. *See* TEX. GOV'T CODE ANN. § 22.221 (titled "Writ Power"). Generally, an intermediate appellate court may only issue a writ of injunction as "necessary to enforce the jurisdiction of the court." *See* TEX. GOV'T CODE ANN. § 22.221(a); *see also In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction."). Further, an appellate court may only issue a writ of injunction to "control, limit, or prevent an action in a court of inferior jurisdiction." *In re Olson*, 252 S.W.3d at 747; *see also* TEX. GOV'T CODE ANN. § 22.221(b)(1) (appellate courts may issue writs "against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district").

Because real party in interest is not a court as defined by the Government Code, we may not issue a writ of injunction against real party in interest unless it is necessary to enforce our jurisdiction. Appellant's motion does not reflect that this Court's jurisdiction is challenged. Accordingly, appellant's "Petition/Emergency Motion for Temporary Injunction and Injunctive Relief" is **denied**.

It is so ORDERED.


Judge's signature: _____/s/ April Farris_____
☑Acting individually ☐ Acting for the Court

Date: _____September 20, 2022_____