COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Mohammad Rameel Sheihk v. SCF RC Funding IV, LLC

Appellate case number:   01-22-00859-CV

Trial court case number:  2021-56085

Trial court:              270th District Court of Harris County

Appellant, Mohammad Rameel Sheihk, has appealed from the trial court's August 23, 2022 final judgment in favor of appellee, SCF RC Funding IV, LLC. In the final judgment, the trial court ordered that appellee shall "have judgment against [appellant] . . . in the amount of $173,000." Appellee subsequently made efforts to collect on the judgment awarded by the trial court, including requesting writs of garnishment of certain bank accounts owned by appellant. The trial court granted appellee's requests and issued the writs of garnishment.

On December 5, 2022, appellant filed an "Emergency Motion Requesting Stay in Trial Court Pending Appeal." While appellant's motion is captioned as a motion requesting a "stay" of the trial court's proceedings pending appeal, the motion itself references, and cites to cases invoking, several forms of relief. For example, in paragraph 17 of the motion, appellant references this Court's authority to issue a writ of injunction. The authority of an intermediate appellate court, such as this Court, to grant injunctive relief is limited by statute. *See* TEX. GOV'T CODE ANN. § 22.221 (titled "Writ Power"). Generally, an intermediate appellate court may only issue a writ of injunction as "necessary to enforce the jurisdiction of the court." *See* TEX. GOV'T CODE ANN. § 22.221(a); *see also In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("The purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction."). Here, appellant appears to request that the Court issue a writ of injunction to "stay [the trial court's] judgment pending appeal."

A request for entry of a writ of injunction is defined by the Texas Rules of Appellate Procedure as an "original proceeding," and any such request must comply with those rules to be entitled to such relief. *See* TEX. R. APP. P. 52.1 ("An original appellate proceeding seeking extraordinary relief–such as a writ of habeas corpus, mandamus, prohibition, injunction, or quo warranto–is commenced by filing a petition with the clerk of the

appropriate appellate court."), 52.3 (listing required contents of original appellate proceeding). Appellant's "Emergency Motion Requesting Stay in Trial Court Pending Appeal" does not meet the requirements of Texas Rule of Appellate Procedure 52. Accordingly, to the extent appellant's "Emergency Motion Requesting Stay in Trial Court Pending Appeal" is intended as a request for a writ of injunction, such request is **denied**.

Assuming appellant's motion is not intended as a request for a writ of injunction, or other writ provided by Texas Rule of Appellate Procedure 52, the motion more generally requests a stay of the trial court proceedings pending disposition of appellant's appeal. In his motion, appellant argues that the trial court erred by entering the judgment against him, and that it further "abused its discretion and erred as a matter of law by issuing and upholding . . . writs of garnishment" through which appellee has sought to enforce, and collect on, the trial court's final judgment. Based on these alleged errors and abuses of discretion, appellant requests that this Court (1) direct the trial court to withdraw its writs of garnishment, and (2) stay all other proceedings in the trial court.

Appellant's assertions that the trial court erred by entering judgment in favor of appellee and issuing the writs of garnishment will be considered by a Panel of this Court when the case is submitted on the Court's docket. Further however, appellant's motion fails to identify any authority, given the current procedural posture of this appeal, which would allow this Court to direct the "trial court to withdraw its writs of garnishment." Also, the only trial court proceedings which appellant's motion identifies are post-judgment efforts by appellee to enforce its judgment. Again, appellant offers no authority by which this Court could stay such efforts given the current procedural posture of the appeal.

Notably however, to the extent appellant seeks to suspend enforcement of the judgment pending appeal, he may be entitled to do so. *See generally* TEX. R. APP. P. 24.1 (providing that "judgment debtor may supersede [trial court's] judgment by: (1) filing with the _trial court clerk_ a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the _trial court clerk_ a good and sufficient bond; [or] (3) making a deposit with the _trial court clerk_ in lieu of a bond . . .") (emphasis added). There is nothing in appellant's motion which suggests that he has taken the steps necessary in the trial court to supersede the judgment pending appeal.

Accordingly, appellant's "Emergency Motion Requesting Stay in Trial Court Pending Appeal" is **denied**.

It is so ORDERED.


Judge's signature: ___/s/Amparo Guerra_____
                              ☑Acting individually

Date: December 7, 2022